IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| PATRICIA M. WAGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:07-CV-011 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. For the reasons set forth herein, defendant's motion for summary judgment [doc. 12] will be denied, and plaintiff's motion for summary judgment [doc. 9] will be granted to the extent it seeks remand pursuant to sentence four of 42 U.S.C. § 405(g).[1]

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment . . . reversing the decision of the Commissioner of Social Security . . . remanding the cause for a rehearing." 42 U.S.C. § 405(g).

I.

*Procedural History*

Plaintiff applied for benefits in April 2004, claiming to be disabled by "[illegible], high blood pressure, rare psorasis [sic] on feet, hands and advancing to other parts of body, carpatunal [sic], nerves, heart problems, small tumor on left side of head, panic attacks, stomach problems, [and a] hiatal hernia." [Tr. 44, 52]. She alleged a disability onset date of January 19, 2004, which was subsequently amended to August 1, 2004. [Tr. 44, 561]. The application was denied initially and on reconsideration. Plaintiff then requested a hearing, which took place before an Administrative Law Judge ("ALJ") in January 2006.

In April 2006, the ALJ issued a decision denying plaintiff's claim. He determined, at step two of the sequential evaluation process, that plaintiff suffers from the "severe" impairment of hypertension but that she has no other severe impairment pertaining to vision, migraines, heart disease, psoriasis, or mental illness. [Tr. 22-24]. Plaintiff was found capable of the full range of medium exertion and able to return to her past relevant work as an administrative assistant. [Tr. 24]. Accordingly, she was deemed ineligible for benefits.

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council, notwithstanding her submission of sixty-one pages of additional medical evidence. [Tr. 8, 11].[2] The ALJ's ruling became the Commissioner's final decision. *See* 20 C.F.R. §

---

[2] Plaintiff's additional documents are discussed at great length in her brief and are included
(continued...)

404.981. Through her timely complaint, plaintiff has properly brought her case before this court for review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981.

II.

*Background and Testimony*

Plaintiff was born in 1948. [Tr. 44]. She alleges worsening episodes of psoriasis which limit her walking and cause "excruciating" pain. [Tr. 106-07, 140-41, 553-54, 559-60]. Plaintiff claims to be further limited by 20/200 blurred vision in her left eye [Tr. 554-55], migraines [Tr. 560], and weakness and numbness of the upper left extremity. [Tr. 108, 153]. Plaintiff contends that her physical problems are worsened by workplace stress. [Tr. 52]. Plaintiff can drive, work in her garden, perform some housework, attend church, shop, prepare simple meals, and "frequently visit[] her mother." [Tr. 154-55, 371, 373, 556].

---

²(...continued)
in the administrative record. [Tr. 485-545]. A case can be remanded for further administrative proceedings where a claimant shows that late-submitted evidence meets each prong of the "new, material, and good cause" standard of sentence six, 42 U.S.C. § 405(g). Plaintiff has, however, made no effort to articulate how the present evidence warrants sentence six remand, nor is sentence six even referenced in her briefing to this court. The issue is accordingly waived, and plaintiff's additional evidence has *not* been considered. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993); *see also* Fed. R. Civ. P. 11(b)(2), (c).

The court additionally notes that plaintiff's attorneys filed a brief of more than twenty-five pages [doc. 10] without seeking prior approval from the court. *See* E.D. TN. LR. 7.1(b) (Briefs "*shall not* exceed 25 pages in length unless otherwise ordered by the court.") (emphasis added). Counsel is again cautioned that any such unapproved future filings may be stricken from the docket. *See Lehman v. Astrue*, No. 2:07-cv-022, slip op. at 1 n.1 (E.D. Tenn. Jan. 3, 2008).

III.

*Applicable Legal Standards*

This court's review is confined to whether the ALJ applied the correct legal standards and whether his factual findings were supported by substantial evidence. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). Nonetheless, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 490 (1951).

A claimant is entitled to disability insurance payments under the Social Security Act if she (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

4

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A). Disability is evaluated pursuant to a five-step analysis summarized by the Sixth Circuit as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Claimants bear the burden of proof at the first four steps. *See Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id.*

IV.

*Analysis*

As noted above, the ALJ determined that plaintiff is significantly limited only by hypertension, and that she remains capable of performing the full range of medium work. Plaintiff argues that the ALJ improperly evaluated her claim regarding psoriasis, left arm numbness, headaches, vision, and mental impairments. The court agrees to some extent, and this case will accordingly be remanded to the Commissioner.

A. Psoriasis

Plaintiff claims that her psoriasis causes excruciating pain which, at its worst, severely limits her ability to walk or use her hands. The ALJ rejected that contention, stating that "treatment records from Drs. Larry D. Hudson and Dermatology Associates reflect the claimant's psoriasis was controlled with medication. . . . [T]here is no indication that these problems significant [sic] limit the claimant's functioning." [Tr. 23].

Regarding this condition, treating nurse practitioner Jane Williams in August 2003 noted cracking and tenderness. [Tr. 173]. In January 2005, Ms. Williams observed that plaintiff's feet were "very tender" and wrote that the psoriasis "causes severe pain in the feet, even while she is sitting." [Tr. 161-62].

Dermatologist Hudson noted "chronic dermatitis . . . mainly affecting the weight-bearing areas of the heels" in September 2003. [Tr. 340]. In May 2004, Dr. Hudson observed fissuring in the heel areas. [Tr. 338]. In November 2004, plaintiff complained of

6

worsening hand and foot pain, and Dr. Hudson noted "extensive psoriasis of the palms and soles with secondary [painful] fissuring." [Tr. 335]. In January 2005, Dr. Hudson wrote that plaintiff's "type of psoriasis is debilitating due to its location and due to the tendency for refractoriness to therapy. . . . She has not been controlled on topical treatment. The patient is likely to have long-term problems with this condition." [Tr. 334].

Consultative examiner Karl Konrad's September 2004 report noted that plaintiff could walk on toes and heels without a limp, but there is no indication that he actually examined the bottoms of her feet - nor does the record suggest that Dr. Konrad is a dermatologist. [Tr. 366-68]. Although the condition has been noted to improve with various medications [Tr. 335, 339-40, 397], by August 2005 dermatologist Mader noted "large fissures" on the heels. Plaintiff was "[n]o longer improving." [Tr. 392].

The medical evidence, viewed as a whole, indicates that plaintiff's psoriasis is a refractory condition. At times it improves, but at other times the symptoms clearly return. Substantial evidence does not support the ALJ's statement that the psoriasis is "controlled." This matter will be remanded to the Commissioner due to the cursory and erroneous conclusion that "there is no indication that these problems significant [sic] limit the claimant's functioning."

B. Vision

Plaintiff claims to have significantly blurred vision in her left eye. The ALJ rejected that contention, stating that "the record reflects with treatment and surgery [] the

7

claimant's eye problems improved." [Tr. 23].

Compared to 2002, 2003, 2004, and mid-2005 eye examinations [Tr. 278-79, 367, 387-90], plaintiff's vision has significantly worsened. Although the hand-written notes of Southeastern Retina Associates appear to note some late-2005 post-surgery improvement, plaintiff's left eye remained at 20/200 at the end of 2005. [Tr. 463-65].

Therefore, the ALJ's conclusion that "with treatment and surgery [] the claimant's eye problems improved" is not supported by substantial evidence. Social Security claimants are entitled to "a careful evaluation of the medical findings . . . and an informed judgment[.]" *See* SSR 96-3p, 1996 WL 374181, at *2 (July 2, 1996). As part of any "careful evaluation" and "informed judgment," an ALJ is required to set forth a valid basis for his decision. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987). Cursory misreadings of the administrative record are not a "valid basis."

## C. Remand

Plaintiff also asks for an immediate award of benefits rather than a remand of her claim. A reviewing court can reverse and immediately award benefits "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir.1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*. The present case is not so clear.

8

The court notes that plaintiff has missed appointments with her dermatologist [Tr. 335, 337], run out of medication [Tr. 168], and forgotten to use her medicine causing "flare ups" of psoriasis. [Tr. 339]. "[T]he individual's statements may be less credible . . . if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996).

Further, numerous medical sources have opined that plaintiff's small benign brain tumor is an unlikely cause of headaches. [Tr. 226, 295, 302, 325-26, 329]. Cardiologist review of plaintiff's arm complaints was inconclusive [Tr. 248], and neurologist Sergio Loaiza was "uncertain as to the nature of [her] complaints in her left arm." [Tr. 293, 297]. Although plaintiff claims to suffer from carpal tunnel syndrome [Tr. 153], Dr. Konrad wrote in September 2004 that Tinel's testing was negative. [Tr. 367]. Following examination and interview, psychological examiner Elizabeth Jones predicted no limitations. [Tr. 374]. File reviewing Dr. Frank Kupstas predicted no more than moderate limitation in any mental activity. [Tr. 383-85].

Lastly, although Dr. Hudson and NP Williams have each opined that plaintiff's psoriasis is "debilitating," such statements do not control. The ultimate question of disability is reserved to the Commissioner, not the treating source. *See* 20 C.F.R. § 404.1527(e)(1).

For these reasons, the court cannot award benefits based on the current record. *See Faucher,* 17 F.3d at 176. The final decision of the Commissioner will instead be

reversed and remanded for more careful evaluation and rehearing consistent with this opinion. It appears likely to the undersigned that medical advisor testimony will be needed at plaintiff's next administrative hearing. An advisor should be chosen who is qualified to address the combined effect of plaintiff's various conditions.

### D. Television

Astoundingly, the ALJ wrote that plaintiff "reported actual activities including . . . watching television . . . which indicates that she is able to get about in a manner which is not significantly restricted." [Tr. 24]. As the undersigned has previously noted, the Commissioner's position regarding television viewing is patently absurd.

> In passing, the court observes that it is again presented with a Social Security appeal in which the ALJ found that "activities including . . . watching television [and] listening to the radio . . . indicate[] that [the claimant] is able to get about in a manner which is not significantly restricted." [Tr. 17]. The court must restate its utter dismay that the Commissioner considers "activities" such as watching television and listening to the radio to be evidence of vocational ability. *See, e.g., Russell v. Barnhart*, No. 3:05-cv-362, slip op. at 5 (E.D. Tenn. Feb. 15, 2006); *Ezell v. Barnhart*, No. 3:03-cv-421, slip op. at 11 (E.D. Tenn. June 25, 2004). The court again hopes that it has been presented with this unsupportable theory for the final time.

*O'Dell v. Barnhart*, No. 3:06-cv-119, slip op. at 8 n.4 (E.D. Tenn. Jan. 4, 2007).

It remains inconceivable to this court that a claimant's "ability" to engage in the "activity" of watching television can be cited as evidence of vocational capacity. "[A] fair trial in a fair tribunal is a basic requirement of due process. . . . [and] [t]his applies to administrative agencies which adjudicate as well as to courts." *Withrow v. Larkin*, 421 U.S. 35, 46 (1975) (quotation and citations omitted). "[T]he ultimate responsibility for ensuring

10

that every claimant receives a full and fair hearing lies with the administrative law judge." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983). Citation to the dubious "physical" activity of watching television is not indicative of "a full and fair hearing."

A different ALJ shall be assigned to this case on remand. An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge